UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACER CISCAL MORALES (A-246-534-387),<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | No. 1:26-cv-6580 CSK<br><br>ORDER |

Petitioner Yacer Ciscal Morales (A-246-534-387), a native and citizen of Cuba who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for appointment of counsel.[1] Petitioner entered the United States in December 2022 without inspection. On May 27, 2026, petitioner was granted voluntary departure. No party appealed, and the deadline to appeal has passed. Petitioner failed to depart by June 26, 2026, and is now subject to a final order of removal under 8 U.S.C. § 1231(a)(2). For the reasons that follow, the motion to dismiss is granted, the motion to lift the prohibition on petitioner's transfer is granted, petitioner's motion for appointment of counsel is denied, and the petition for a writ of habeas corpus is dismissed.

[1] Both parties consented to the jurisdiction of a magistrate judge. See 28 U.S.C. § 636(c).

## I. FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Cuba. (ECF No. 1 at 2.) Petitioner entered the United States in December 2022 without inspection. (ECF No. 8-2 at 1.) After the removal order issued, petitioner was released under an order of supervision until re-detained by U.S. Immigration and Customs Enforcement ("ICE") on February 19, 2026. (ECF No. 1 at 3.) On May 27, 2026, petitioner was granted voluntary departure. (ECF No. 8-1 at 1.) No party appealed, and the deadline to appeal has passed. (ECF No. 8 at 1.) Petitioner failed to depart by June 26, 2026, and did not appeal the decision to the Board of Immigration Appeals. (Id.) Petitioner has been in continuous detention since February 19, 2026. (ECF No. 1 at 3.) Petitioner did not contest respondents' facts concerning petitioner's immigration history. (See Docket.)

## II. PROCEDURAL BACKGROUND

On August 18, 2026, petitioner filed the petition for writ of habeas corpus and motion for appointment of counsel. (ECF Nos. 1, 2.) On August 27, 2026, respondents timely filed a motion to dismiss the petition. (ECF No. 8.) Petitioner did not file an opposition. (See Docket.) On September 10, 2026, respondents filed a motion to lift/dissolve the prohibition on petitioner's transfer. (ECF No. 13.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 20.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges the continued detention based on the violation of the following: (1) the Fifth Amendment procedural due process clause alleging there is no significant likelihood petitioner will be removed in the reasonably foreseeable future; (2) Fifth Amendment, 8 U.S.C. § 1231, Convention Against Torture, implementing regulations, and the Administrative Procedure Act ("APA"); (3) punitive third country banishment, violation of the Fifth and Eighth Amendments; (4) Fifth Amendment due process clause, 8 C.F.R. § 241.13, and the APA because petitioner was detained without (a) proof that an ICE official determined there is a significant likelihood petitioner would be deported soon; (b) notice of the reasons for the revocation of release; and/or (c) an initial informal interview promptly after petitioner's re-detention. (ECF No. 1 at 17.) Respondents move to dismiss the petition because petitioner is subject to a final order of removal and is therefore subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (ECF No. 8 at 1 (citing 8 U.S.C. § 1011(a)(47)(B); 8 C.F.R. § 1003.39).)

///

**A. Detention Authority**

The parties agree that petitioner is subject to a final order of removal. (ECF No. 1 at 3; ECF No. 8 at 1.) Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). ICE "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

Here, the immigration judge granted petitioner voluntary departure on May 27, 2026. (ECF No. 8-1 at 1.) The immigration judge's decision reflects that petitioner waived appeal, and the Department of Homeland Security ("DHS") reserved appeal, and the appeal period expired on June 26, 2026. (Id. at 3.) Respondents confirmed that DHS did not file an appeal. (ECF No. 8 at 1.) According to the government's official Executive Office for Immigration Review Automated Case Information website, no appeal was received for petitioner's case.[3] See https://acis.eoir.justice.gov/en. Accordingly, petitioner's voluntary departure order became a final removal order on June 27, 2026, after the appeal period expired. See 8 U.S.C. § 1101(a)(47)(B).

The 90-day mandatory § 1231(a)(2) removal period began on June 27, 2026 and ends on September 25, 2026. Petitioner is still detained within the 90-day removal period and thus

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

remains subject to mandatory detention until the expiration of the removal period. 8 U.S.C. § 1231(a)(2); Zadvydas, 533 U.S. at 698 (the statute "mandates detention of certain criminal aliens during the removal proceedings and for the subsequent 90-day removal period"). Accordingly, the Court finds the petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

### B. Petitioner's Other Claims for Relief

The Court declines to reach petitioner's Fifth Amendment claims (claims one, two and four) as the Ninth Circuit has found that detention during the 90-day removal period pursuant to U.S.C. § 1231(a)(2) passes constitutional scrutiny. See Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). The Court also declines to reach petitioner's claims regarding indefinite detention and the likelihood of removal under the Zadvydas framework (claim four) where this record reflects petitioner remains detained pursuant to the mandatory 90-day removal period. See id. (the Zadvydas due process analysis does not extend to § 1231(a)(2) where the danger of "indefinite, perhaps permanent" civil confinement does not exist when the government is holding a noncitizen under § 1231(a)(2), a provision authorizing detention for 90 days only) (citing Zadvydas, 533 U.S. at 699). Finally, the Court declines to reach petitioner's banishment to a third country claim (claim three) because respondents provided evidence that petitioner bears a valid unexpired Cuban passport, and respondents intend to schedule petitioner for a commercial flight to Cuba immediately after the order prohibiting petitioner's transfer is lifted. (ECF Nos. 13 at 1; 13-1 at 2; 13-2 at 1.)

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

///

## VI. MOTION TO LIFT/DISSOLVE ORDER PROHIBITING TRANSFER

Respondents move to lift or dissolve the order prohibiting petitioner's transfer because petitioner has valid travel documents for Cuba and respondents are prepared to remove petitioner to Cuba as soon as the prohibition is removed. (ECF No. 13.) In light of this order granting respondents' motion to dismiss, the Court grants respondents' motion and vacates the order prohibiting petitioner's transfer (ECF No. 6).

## VII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE.
2. Respondents' motion to dismiss (ECF No. 8) is GRANTED.
3. Respondents' motion to lift/dissolve prohibition on transfer (ECF No. 13) is GRANTED.
4. The order prohibiting petitioner's transfer (ECF No. 6) is VACATED.
5. The petition for writ of habeas corpus is DISMISSED.
6. The Clerk of the Court is directed to enter judgment in favor of respondent and close this case.

Dated: September 23, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cisc6580.2241.imm.1231(a)(2).DM